**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RAYSHAN WHATLEY,                                    Case No. 1:23-cv-530
                                                   Barrett, J.
     Plaintiff,                                Litkovitz, M.J.

     vs.

TIRE DISCOUNTERS,                                  **ORDER**
     Defendant.


This matter is before the Court on defendant Tire Discounters' motion to strike as

untimely plaintiff's "motion in opposition to defendant's motion to dismiss" or, in the

alternative, to submit its reply brief in support of its motion to dismiss (Doc. 11), and plaintiff's[1]

memorandum in opposition (Doc. 12).

On October 12, 2023, defendant filed a motion to dismiss plaintiff's complaint.  (Doc. 7).

On October 13, 2023, the Court issued a separate Notice, which advised plaintiff that failure to

respond to defendant's motion within 21 days from the date listed on its certificate of service

could result in the dismissal of his case.  (Doc. 8).  Plaintiff failed to file a response to

defendant's motion within the 21-day deadline, and on November 8, 2023, the Court ordered

plaintiff to show cause, within 14 days, why the case should not be dismissed for want of

prosecution.  (Doc. 9).  The deadline to comply with the show cause deadline was November 22,

2023.

On November 27, 2023, the Clerk of Court filed plaintiff's "motion in opposition to

defendant's motion to dismiss."  (Doc. 10).  Defendant argues plaintiff's "motion in opposition"

---

[1] The Court previously stated that because only Mr. Whatley signed the complaint, the complaint is construed as being brought only by Mr. Whatley.  *See* Doc. 9 PAGEID 29, n.1.

should be stricken as untimely.  Plaintiff alleges he filed his response on November 20, 2023.

Plaintiff's certificate of service states that a copy of his "motion in opposition" was mailed to

opposing counsel on November 19, 2023.  The postmark on the envelope attached to plaintiff's

"motion in opposition" is obliterated and illegible.  (Doc. 10 at PAGEID 34).

In view of plaintiff's pro se status and given "the strong policy in favor of deciding cases

on their merits[,]" the Court declines to strike plaintiff's "motion in opposition to defendant's

motion to dismiss" (Doc. 10).  *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796

F.2d 190, 194 (6th Cir. 1986).  Therefore, defendant's motion to strike as untimely plaintiff's

"motion in opposition to defendant's motion to dismiss" (Doc. 11) is **DENIED**.

The Court **GRANTS** defendant's alternative request to submit its reply brief in support

of its motion to dismiss.  (Doc. 11 at PAGEID 36-40).

The Clerk of Court is **DIRECTED** to file defendant's reply as a separate document on

the docket of the Court.

**IT IS SO ORDERED.**

Date: 8/9/2024

Karen L. Litkovitz
United States Magistrate Judge

2