# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RAYSHAN WHATLEY, | Case No. 1:23-CV-530 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| TIRE DISCOUNTERS, | **OPINION & ORDER** |
| Defendant. | |

This matter is before the Court on the motion to dismiss filed by Defendant Tire Discounters. (Doc. 7). Plaintiff Rayshan Whatley[1] has responded in opposition, (Doc. 10), and Tire Discounters has replied, (Doc. 16). For the following reason, the Court will grant the motion to dismiss.

## I. BACKGROUND

According to the complaint, Whatley brought his 2004 Ford F-250 to a Tire Discounters Location in Harrison, Ohio, in June 2023. Following the completion of an alignment and several additional maintenance items, Tire Discounters called Whatley to pick up his truck. Upon pickup, the service manager and maintenance technician advised Whatley that there was an issue with the truck's sway bar, but the problem was likely fixed during maintenance. (Doc. 1, PageID 2).

Shortly after Whatley drove away from the Tire Discounters location, he noticed the truck was even further out of alignment than it had been prior to the maintenance visit.

---

[1] As the Magistrate Judge noted previously, the complaint is construed as having been brought only by Whatley because he is the only person who signed the complaint. (Doc. 15, PageID 49).

1

Whatley brought the truck back to the Tire Discounters in Harrison in July, at which point he alleges that the manager "became aggressive" and threatened him, his fiancé, and his young daughter. Following the encounter, Whatley drove to the Tire Discounters headquarters in Cincinnati to lodge a complaint, but alleges that he was "laughed at" by an executive and told dismissively that the company would follow up. (*Id.*, PageID 3).

Whatley brought suit under 42 U.S.C. § 1983, alleging that Tire Discounters subjected him to racial discrimination and seeking $150,000 in compensatory damages and $150,000 in punitive damages. (*Id.*). Tire Discounters then moved to dismiss, arguing that Whatley's complaint is facially defective and cannot be cured.[2] (Doc. 7, PageID 21).

## II. **LEGAL STANDARD**

In reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations that "raise a right to relief above the speculative level," such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations or legal conclusions masquerading as

---

[2] Although Tire Discounters moved to strike Whatley's untimely response, the Magistrate Judge denied the motion to strike on account of Whatley's pro se status and the Court's strong preference in favor of deciding cases on their merits whenever possible. (Doc. 15).

2

factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

### III. ANALYSIS

As a threshold matter, Whatley purports to bring this suit under 42 U.S.C. § 1983, which provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State," deprives someone of a federal constitutional or statutory right. But Tire Discounters correctly notes that "[t]he Complaint does not allege that Tire Discounters is a governmental entity, nor does it allege that [Tire Discounters] or its employees were 'acting under color of state law' at any time relevant." (Doc. 7, PageID 24). Indeed, "[a]s its text makes clear, [§ 1983] protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024).

Whatley argues that he states a viable claim under § 1983 "due to racial discrimination caused by Tire Discounters," and asserts further that Tire Discounters committed a breach of contract and violated Ohio law. (Doc. 10, PageID 32). However, he does not meaningfully distinguish this matter or explain *why* he believes that § 1983 provides a cause of action against a private entity not acting under color of state law.[3] And because "a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law," *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013), Whatley's action must be dismissed.

---

[3] Whatley also fails to elaborate on his cursory allegation of "breach of contract," and does not explain how this action would fall under Section 4112 of the Ohio Revised Code, which speaks primarily to discrimination in the contexts of employment, housing, and public accommodations. Thus, to the extent that Whatley alleges a violation of Ohio law, the Court declines to exercise its supplemental jurisdiction in this instance.

## IV. CONCLUSION

For the foregoing reason, the motion to dismiss, (Doc. 7), is **GRANTED**.

**IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                      Michael R. Barrett
                                      United States District Judge